WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
Thomas G. Redmon (SBN 47090)
Daniel L. Baxter (SBN 203862)
400 Capitol Mall, 22nd Floor
Sacramento, CA 95814
Phone: (916) 441-2430
Fax: (916) 442-6664

NIRO, SCAVONE, HALLER & NIRO
Raymond P. Niro (Pro Hac Vice)
Raymond P. Niro, Jr. (Pro Hac Vice)
Tahiti Arsulowicz (Pro Hac Vice)
Brian E. Haan (Pro Hac Vice)
Anna B. Folgers (Pro Hac Vice)
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137

Attorneys for Plaintiff, IconFind Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICONFIND INC.,, | ) Case No. 2:09-CV-00109-WBS-JFM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **STIPULATED PROTECTIVE ORDER** |
| | ) |
| YAHOO! INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

This Stipulation is entered into between Plaintiff, IconFind Inc., and Defendant, Yahoo! Inc. (collectively referred to hereafter as the "Parties").

WHEREAS, the Parties assert that formal discovery in this litigation will require the disclosure of information or materials that include trade secret or other confidential research, development, technical, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure and, the Parties seek to ensure that such information is not made public,

STIPULATED PROTECTIVE ORDER                                                                 - 1 -

disseminated beyond the extent necessary for this litigation, or used for any purpose other than in connection with this litigation;

WHEREAS, certain discovery cannot proceed in this case without disclosure of such trade secrets and other confidential information to counsel for the Parties;

WHEREAS, for the above reasons, the Parties submit that good cause exists for entry of this Protective Order.

NOW, THEREFORE, the Parties agree as follows:

1. As used in this Protective Order, these terms have the following meanings:

a. "Confidential Information" must be marked as Confidential Information and may include, but is not limited to:

I) all sensitive business and technical documents and tangible things;

ii) documents produced in this action, during formal discovery or otherwise;

iii) information of non-parties which the producing or designating party is under an obligation to maintain in confidence;

iv) answers to interrogatories and responses to requests for admission or other discovery requests;

v) deposition and hearing transcripts;

vi) affidavits, experts' reports, or memoranda of law;

vii) other materials designated pursuant to this Protective Order; and

viii) the information contained within the material described in paragraph 1(a) and its subsections and all copies, photographs, graphical reproductions, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such information;

b. "Confidential" documents and things are Confidential Information designated pursuant to paragraph 2;

**STIPULATED PROTECTIVE ORDER**                                                                 - 2 -

c. "Confidential-Attorneys' Eyes Only" documents and things are a subset of Confidential Information designated pursuant to paragraph 5;

d. "Restricted Source Code" is computer source or documents that describe encoding or decoding algorithms used in computer source code.

e. "Documents" are all materials within the scope of Fed.R.Civ.P. 34, including, but not limited to, electronically stored information;

f. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying material as Confidential Information, a Party in good faith contends such information constitutes confidential information within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

3. All Confidential Information shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, transfer, disclose, or communicate in any way the contents to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of intellectual property rights, including inchoate patent rights.

4. Access to any document or thing designated as "Confidential" shall be limited to:

a. the Court and its officers;

b. outside trial attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

c. independent vendors retained to copy, convert or process discovery material;

d. persons shown on the face of the document to have authored or received it, or where it is otherwise established that the Confidential Information is known to the person;

e. court reporters and videographers retained to record testimony;

f. pursuant to paragraph 11 herein, two designated in-house intellectual property attorneys for the Defendant, and two designated in-house corporate attorneys for the Defendant.

g. pursuant to paragraph 11 herein, three designated employees for Plaintiff and three designated employees for the Defendant.

h. pursuant to paragraph 11 herein, outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with either Party) limited to independent experts and their staff retained to assist counsel of record for the parties in the conduct of this litigation.

5. The Parties shall have the right to further designate Confidential Information as "Confidential-Attorneys' Eyes Only."

6. Disclosure of "Confidential-Attorneys' Eyes Only" information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (e), and (h) only.

7. Confidential Information designated as "Confidential-Attorneys' Eyes Only" shall be limited to information that the designating party believes constitutes, discloses or relates to information regarding (I) pending or future patent applications, (ii) ongoing product development information, (iii) sales, costs, margins, inventory, profitability, and expenses with respect to any product, (iv) future marketing or business plans or strategies for existing or new products, including but not limited to competitive analyses, marketing strategies, and proprietary marketing tools, (v) competitive intelligence, (vi) licenses, and (vii) third party supplier agreements.

8. The producing party may further sub-designate computer source code or documents that describe encoding or decoding algorithms used in computer source code as "Restricted Source Code" by appending "Restricted Source Code" to any of the above two designations.

9. In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" legend on the front page of any such document and any subsequent page containing such information, clearly indicating which portions of the document contain Confidential Information.  In lieu of marking the original of a

STIPULATED PROTECTIVE ORDER                                                      - 4 -

document that contains Confidential Information prior to inspection, counsel for the Disclosing Party may orally designate such documents being produced for inspection as "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" by specifying the portions that contain "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" information, thereby making them subject to this Order.  Any copies of such documents must be marked with the legend by the Disclosing Party at the time they are supplied to the Receiving Party.

10. Third Parties producing documents or things in the course of this action may also designate the material as "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" subject to the same protections and constraints as the Parties to the action and references herein to Party/Parties shall apply equally to Third Parties.  A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

11. Each person appropriately designated pursuant to paragraphs 4(f), 4(g), and 4(h) to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least ten (10) business days prior to disclosure to any such person. For disclosure to persons identified in paragraph 4(h), the notice shall state the name and address of the person to whom disclosure is proposed and include a resume of the background, qualifications and employment or affiliations of such person, including all prior engagements as a consultant or expert witness on behalf of any company in the last 5 years and all past and present employment or other affiliation with any Party or competitor of any Party. If a Party objects in writing to such disclosure within ten (10) business days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

12. All depositions or portions of depositions taken in this action that contain Confidential Information may be designated in their entirety as "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" if all of the information therein is Confidential and if not then

**STIPULATED PROTECTIVE ORDER**                                                                    - 5 -

only those portions that are Confidential are to be designated as Confidential and thereby obtain the protections accorded other documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within ten (10) business days of receipt of the transcript. Unless otherwise agreed, all preliminary transcripts of such testimony shall be treated in their entirety as "Confidential" until thirty (30) calendar days following receipt of the final transcript.   The party so designating shall have the obligation, within thirty (30) calendar days following receipt of the final transcript of such testimony, to further notify the opposing party and the court reporter in writing of the specific pages and lines of the transcript that contain the Confidential Information.  Such written notification shall then be attached by the receiving party and/or reporter to the transcript and each copy thereof in its possession, custody, or control.  If no designation is made at the deposition and within thirty (30) calendar days after receipt of the final transcript, the transcript shall be considered not to contain any "Confidential Information".  If, during the course of a deposition, questions are asked that require the disclosure of "Confidential Information", the party whose information is to be disclosed may require that only qualified persons under paragraph 4 or 5, the deponent, the deponent's counsel, persons who are qualified to have access to such information, and the court reporter shall be allowed to be present during such portion of the deposition.

13. Documents and things produced for inspection shall be treated by the inspecting party as "Confidential-Attorneys' Eyes Only" until copies are provided.

14. Computer source code and documents that describe encoding or decoding algorithms used in computer source code may be sub-designated within the two designations by appending "Restricted Source Code" to the designation.  Documents and things so sub-designated will be subject to all of the restrictions of the main designation and will also be subject to the following additional restrictions and provisions:

**STIPULATED PROTECTIVE ORDER**                                                          - 6 -

a. The producing party shall produce materials sub-designated "Restricted Source Code," if available in electronic form, on up to three (3) password protected laptops or, if the producing party so wishes, on CD Rom.   If the producing party provides materials sub-designated "Restricted Source Code" on CD Rom, the receiving party shall load the contents of the CD Rom onto up three (3) password protected laptop(s).   At the request of the receiving party's counsel and if laptop(s) were provided by the producing party, the producing party shall make its best efforts to provide, as quickly as possible, on the laptop(s), any software or analytical tool requested by the receiving party's counsel and/or experts/consultants.   The laptops shall not be connected to a network or to the internet.   The receiving party's counsel and experts/consultants shall not alter, dismantle, disassemble or modify the laptops in any way, and shall not attempt to circumvent any security feature of the laptops.   Nothing in this paragraph shall be construed to prevent the receiving party's counsel or experts/consultants from analyzing or copying materials sub-designated "Restricted Source Code" from one memory location to another within the laptop, provided that no electronic copies shall be removed from the laptops.

b. The laptops described above shall only be kept at the offices of outside counsel or in a secure location at the office and/or home of the receiving party's independent expert(s) or consultant(s), subject to compliance with the procedures outlined in paragraph 9.   None of the laptops shall leave the office to which it is delivered, or the United States, with the exception that a party's independent expert or consultant may transport a laptop between his or her home and office, or to the office of outside counsel, provided that, in transport, the expert/consultant maintains the laptop within his or her personal possession to the extent permitted by law.   Neither outside counsel nor an expert or consultant shall not operate the laptop in the presence of any person not approved to receive the materials as designated under this Protective Order.

c. The up to three (3) laptops and each electronic, written, and printed copy of materials sub-designated "Restricted Source Code" shall be stored securely when not in use, in such a manner to prevent misappropriation of such materials.  While in use, the laptops and such designated materials shall not be left unattended by counsel of record or the independent expert/consultant.

d. No copies shall be made of source code or other materials sub-designated pursuant to this paragraph, whether physical, electronic, or otherwise, except for: (I)   electronic copies created on the laptops, whether temporary copies created in the normal operation of a computer system or output files created from source code analysis tools and/or utilities; (ii) excerpted written and printed portions for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access the designated material; and (iii) such other uses to which the parties may agree or that the Court may order.  Any printed copies shall be limited only to those portions of the sub-designated materials for which a printed copy is needed at the time.  Any printed copies of material sub-designated "Restricted Source Code" shall be securely maintained by counsel of record and/or the independent expert/consultant, shall be marked "Restricted Source Code" on each page, shall be printed on non-white colored paper and shall be destroyed as soon as they are no longer needed.

e. A written log shall be maintained by counsel of record and the independent expert/consultant for all printed copies of materials sub-designated pursuant to this paragraph.  The log shall record the date, the number of pages printed and the identity of the person who created the printed copies.

f. A written log shall be maintained by counsel of record and the independent expert/consultant that records the name of all persons accessing materials sub-designated pursuant to this paragraph, including the date of access and the person's title.

g. The independent expert/consultant shall be provided with no more than a single copy of any materials sub-designated "Restricted Source Code." The independent expert/consultant shall not be permitted to transmit electronically or in any other way, or disseminate copies of any materials sub-designated "Restricted Source Code."

15. Any Party who inadvertently fails to identify documents or things as "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" shall have ten (10) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substitution copies of the inadvertently produced documents or things. Either Party receiving such inadvertently unmarked or improperly marked documents or things shall make reasonable efforts to retrieve documents and things distributed to persons not entitled to receive such Confidential Information.

16. The following section shall constitute the Parties' agreements concerning inadvertent production of information properly subject to protection against discovery due to a privilege or immunity.

a. If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege or immunity. Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the designating Party or other person otherwise would be entitled.

b. If a written claim of inadvertent production is made pursuant to paragraph 12 and its subsections, with respect to information then in the custody of another Party, upon receipt of such written notice, such Party shall promptly destroy or return to the claiming Party or

STIPULATED PROTECTIVE ORDER                                                    - 9 -

person (I) the inadvertently produced information, (ii) any and all copies or reproductions thereof, and (iii) any and all copies of summaries or notes based thereon or relating thereto, of which the receiving Party is aware, unless the receiving Party wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced.

c. If the Party receiving the inadvertently produced material wishes to challenge the claim of privilege or immunity, it must notify the producing Party of its challenge within ten (10) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety of the claim of privilege or immunity within seventeen (17) business days of receiving the notice of inadvertent production. As stated, such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. During the pendency of such motion, the receiving Party shall make no other use or disclosure of the subject material or the information contained therein.

d. If the producing Party prevails on its privilege or immunity claim, the receiving Party shall promptly return the material and all copies or reproductions thereof of which it is aware and shall delete all references to or descriptions of the privileged information contained in any written materials.

e. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for potential use at trial, including in discovery responses, or otherwise disclosed to the Court, the producing Party has thirty (30) calendar days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this protective order, failure to provide notice within this thirty-day period shall constitute a waiver of any and all applicable privileges and immunities with respect to the inadvertently produced documents or information only.

17. If a Party files a document containing Confidential Information with the Court, it shall do so in compliance with Local Rules 39û140 and 39û141 and any appropriate Electronic Case Filing Procedures for the Eastern District of California. Prior to disclosure of Confidential Information at trial or a hearing, the Parties may seek further protections against public disclosure from the Court.

18. Either Party may at any time request a change in the designation of any information designated "Confidential," "Confidential-Attorneys' Eyes Only," and/or "Restricted Source Code." Any such document or thing shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to either Party whose designation of produced document or things as "Confidential," "Confidential-Attorneys' Eyes Only," and/or "Restricted Source Code" in the action may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed.R.Civ.P.26(c).

19. Within sixty (60) calendar days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all Confidential Information designated by the opposing Party and all copies of such Confidential Information, and shall destroy all extracts and/or data taken from such Confidential Information. Each Party shall provide a certification as to such return or destruction as within the sixty (60) calendar day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

20. Either Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

21. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

22. In the event that any party having possession, custody, or control of any Confidential Information of another party is served with a subpoena or other judicial process demanding the production or disclosure of any such Confidential Information, the party shall provide the Receiving and Disclosing Parties with a copy of the subpoena or other judicial process within seven (7) calendar days and shall cooperate with the parties in any reasonable effort to prevent the production or disclosure of Confidential Information.   The Disclosing Party asserting the Confidential designation shall have the burden of defending against such subpoena, process, or order.   The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the "Confidential" designation has promptly notified the party receiving the subpoena or other process order of its intent to take immediate legal action to quash the subpoena, in which case the party shall not produce such documents while such legal proceedings are pending or the Disclosing Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.   In no event shall the Receiving Party be required to violate a Court Order.

23. The obligations imposed by this Protective Order shall survive the termination of this action provided, however, that this Protective Order shall not be construed:  (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the Disclosing Party; (b) to apply to information which appears in issued patents or public records or printed publications or becomes publicly known other than as a result of disclosure by the Receiving Party, or (c) to apply to information that any party or its attorneys have, after disclosure by the Producing Party, lawfully obtained from a party or third party having the right to disclose such information. The Court retains jurisdiction over the Parties, and any persons provided

**STIPULATED PROTECTIVE ORDER**                                          - 12 -

access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

24. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials on which he relied.

SO STIPULATED.

Dated:  July 27, 2009

ICONFIND INC.                           YAHOO! INC.

By: /s/ Anna B. Folgers                 By: /s/ Jennifer A. Kash
Anna B. Folgers (Pro Hac Vice)          *signature authorized on 7/27/09*
NIRO, SCAVONE, HALLER & NIRO            Jennifer A. Kash (Cal. Bar No. 203679)
                                        QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

**IT IS SO ORDERED.**

**Dated:  September 1, 2009.**


UNITED STATES MAGISTRATE JUDGE

/iconfind.po

**STIPULATED PROTECTIVE ORDER**                              - 13 -

EXHIBIT A

I, _____, declare and say that:

1.  I  am  employed  as  _____,  by
_____.

2. I have read the Protective Order entered in IconFind, Inc. v. Yahoo! Inc., Case No. 2:09-CV-00109-WBS-JFM and have received a copy of the Protective Order

3. I promise that I will use any and all "Confidential,"   "Confidential-Attorneys' Eyes Only," "Restricted Source Code" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" information with anyone other than the persons allowed access to that level of designated information in accordance with the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential," "Confidential-Attorneys' Eyes Only," or "Restricted Source Code" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:                              Signature:_____

**STIPULATED PROTECTIVE ORDER**                                                          - 14 -